IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-349-CV





BILLY ANDERSON,



 APPELLANT


vs.




TEXAS DEPARTMENT OF HUMAN SERVICES,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 439,623, HONORABLE F. SCOTT MCCOWN, JUDGE



 



O R D E R




PER CURIAM


 Appellant Billy Anderson seeks to appeal from a judgment of the district court of
Travis County terminating the parent-child relationship between Anderson and his three children. 
The district court signed the judgment on April 22, 1991. Anderson timely filed an affidavit in
lieu of cash deposit for security for costs on May 2, 1991. Tex. R. App. P. Ann. 41(1)(a)
(Pamph. 1991).

 The record was due to be filed in this cause no later than August 20, 1991. (1) Tex.
R. App. P. Ann. 54(a) (Pamph. 1991). On that day, Anderson filed a motion to extend time for
filing transcript. Tex. R. App. P. Ann. 54(c) (Pamph. 1991). This Court granted the motion and
extended the time for filing the transcript to September 19, 1991.

 Since that time, Anderson has filed three additional motions for an extension of
time to file the transcript. Each of the motions is supported by an affidavit of a deputy district
clerk of Travis County in which the deputy clerk avers that the office is unable to locate the file
in cause no. 439,623 and, therefore, cannot prepare the transcript. This Court granted the fourth
motion for extension of time on November 14, 1991. The transcript is now due to be filed no
later than December 13, 1991.

 The attorney ad litem for the appellee children has filed a motion requesting this
Court to order that the trial court hold a hearing to reconstruct the record. (2) Texas R. App. P.
Ann. 50(e) (Pamph. 1991) provides, "When the record or any portion thereof is lost . . . it may
be substituted in the trial court . . . ." The rule, however, does not specify a procedure for
substituting a record for one missing from the office of the district clerk.

 Texas R. Civ. P. Ann. 77 (1979) does provide for substitution of a record lost
during the pendency of a suit in the trial court. Accordingly, we grant appellees' motion to
substitute for lost record. This Court directs the parties to proceed in the District Court of Travis
County, 126th Judicial District, to supply the papers now missing from district court cause no.
439,623, In the Interest of Billy Eaglestar Anderson, et al., pursuant to Rule 77. The transcript
shall then be forwarded to the Clerk of this Court for filing in this cause on or before January 17,
1992. We further direct that the district court of Travis County may conduct a hearing and enter
an order as provided for in Rule 77. We extend the time for filing the transcript to January 17,
1992.

 It is so ordered this 18th day of December 1991.



[Before Chief Justice Carroll, Justices Aboussie and Kidd]


Filed: December 18, 1991


[Do Not Publish] 
1.   The statement of facts was received on August 15, 1991.
2.   The motion does not apprise the Court whether, as of the date of filing, the district clerk still
could not locate the file. Accordingly, the Clerk of this Court contacted the district clerk of
Travis County. As of December 6, 1991, the record had not been located.